PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 68]

Name of Offender: David Lamont Marsh                          Case Number: 3:09-00160

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: November 18, 2010

Original Offense: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

Original Sentence: 46 months' custody followed by two years' supervised release

Type of Supervision: Supervised release        Date Supervision Commenced: December 21, 2012

Assistant U.S. Attorney: Braden H. Boucek       Defense Attorney: Ronald Small

### PETITIONING THE COURT

X    To Consider Additional Violation/Information.
___  To issue a Summons.
___  To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information

I declare under penalty of perjury
that the foregoing is true and correct.
Respectfully submitted,

Considered this __1__ day of __May__, 2013,
and made a part of the records in the above case.

_____
Kimberly Haney
U.S. Probation Officer

_____
Todd J. Campbell
U. S. District Judge

Place       Nashville, TN

Date        May 1, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>68</u>, has been amended as follows:

    <u>Violation No. 1</u> - has been amended to include an additional federal, state, or local crime.

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>Violation No.</u>  <u>Nature of Noncompliance</u>

<u>1.</u>    **<u>The defendant shall not commit another federal, state, or local crime.</u>**

Mr. Marsh was arrested on March 22, 2013, for Possession or Casual Exchange of a Controlled Substance - Prior Conviction, a class E felony, and Possession of a Gambling Device or Record, a class B misdemeanor, in Nashville, Davidson County, Tennessee. He was scheduled to appear in court on April 24, 2013. The next court date on these charges is May 23, 2013.

According to the affidavit of complaint, on March 22, 2013, Mr. Marsh was a passenger inside a vehicle stopped for speeding. The vehicle was traveling northbound on Dickerson Pike at 50 mph in a 40 mph zone. The police officer who stopped the vehicle is with the K-9 unit, and the K-9 accompanying the officer is trained in the detection of narcotics. The K-9 gave a positive indication to the presence of a narcotic odor coming from within the vehicle. A detective on the scene asked Mr. Marsh if he had any illegal drugs on his person. Mr. Marsh indicated that he did not have any illegal drugs on his person, and he gave the detective consent to search his person. The detective recovered a plastic bag of marijuana from Mr. Marsh's right pant leg. The bag weighed approximately 14 grams. During the search of the vehicle, the detective recovered a "numbers" ticket located on the seat where Mr. Marsh was seated. Mr. Marsh was advised of his Miranda rights. He stated that he understood, and he agreed to answer questions. Mr. Marsh made a statement that the marijuana belonged to him.

Mr. Marsh stated he obtained the marijuana from his cousin with the intention of "getting high," but he changed his mind. He reportedly was on his way to return the marijuana to his cousin when the vehicle he was in was stopped by the police.

<u>New Violation</u>    On April 23, 2013, Mr. Marsh was issued a citation by Metropolitan Nashville Police Department for Criminal Trespassing, a class C misdemeanor, in Nashville, Davidson County, Tennessee. He is scheduled to be booked on May 17, 2013.

According to the misdemeanor citation, on April 23, 2013, police officers had a consensual encounter with Mr. Marsh and another male at 2412 26th Avenue North. Mr. Marsh and the other male were seated on the front porch of the residence which is a Metropolitan Development Housing Authority property. There are posted "No Trespassing" signs in the area. Mr. Marsh related to the officers that he was visiting a female who lived at this residence. He stated the female went to the store, and she left him there to watch her house and children. However, neither Mr. Marsh nor the other male could report the female resident's name. The female resident returned home, and she advised the police officers that she did know Mr. Marsh. She indicated Mr. Marsh and the other male had not been visiting her, but they were on her porch when she left so she asked them to watch her house while she was gone.

**Compliance with Supervision Conditions and Prior Interventions:**
David Lamont Marsh began his term of supervised release on December 21, 2012. His term of supervision is scheduled to expire on December 20, 2014. Mr. Marsh is unemployed, and he receives disability benefits. He has been diagnosed as mildly mentally retarded. Mr. Marsh was seen for a substance abuse assessment on February 21, 2013, at Centerstone Mental Health, and no treatment was recommended.

On March 27, 2013, Mr. Marsh reported to the probation office and spoke with this officer regarding the above reported arrest. He related he had been "stressed out" lately. He stated he was robbed, at gun point, on two occasions. The first incident occurred approximately two weeks prior, and the second robbery occurred on Monday, March 25, 2013. Both incidents allegedly occurred while Mr. Marsh was walking to the store during the day. He advised that he did not file a police report. Also, he revealed that his wife gave birth to their son on March 18, 2013.

On April 11, 2013, Mr. Marsh appeared in court for an initial appearance before Magistrate Judge Joe Brown, regarding his arrest for Possession or Casual Exchange of a Controlled Substance - Prior Conviction, and Possession of a Gambling Device or Record. He was released on the same conditions of his term of supervised release as previously imposed, and a revocation hearing has been set before Your Honor for May 2, 2013.

With regard to the possession and gambling charges, Mr. Marsh was originally scheduled to appear in Davidson County General Sessions Court on April 24, 2013, and the court date was rescheduled for April 30, 2013. Mr. Marsh appeared in court on April 30, 2013, and the court date was rescheduled for May 23, 2013.

On April 24, 2013, Mr. Marsh contacted this officer to advise of his recently rescheduled court date for the pending possession charge. This officer asked about other contact with law enforcement. Mr. Marsh advised he had contact with the police on April 23, 2013, at his aunt's house. He related his aunt asked him to come to her house and babysit while she went to the store. Mr. Marsh explained the police were driving through the area, noticed him on the porch with the children, and issued him a citation for "sitting on the porch." This officer stated there is a law against trespassing, not sitting on the porch. Mr. Marsh advised his aunt's residence is located "in the projects."

Mr. Marsh reported to the probation office to submit a copy of the citation. This officer read the narrative and asked Mr. Marsh why he could not remember the female resident's name, whom he reported to this officer as his aunt. He advised he was nervous at the time he was questioned by the police officer, and he could not remember her name.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that the additional violation be considered at a revocation conference hearing to be held before Your Honor. The new violation has been discussed with Assistant U.S. Attorney Braden H. Boucek who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DAVID LAMONT MARSH, CASE NO. 3:09-00160

**GRADE OF VIOLATION:** B
**CRIMINAL HISTORY:** V

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) <br> 18 U.S.C. § 3583(e)(3) | 18-24 months <br> U.S.S.G. § 7B1.4(a) | No recommendation |
| **SUPERVISED RELEASE:** | 36 months less any term of imprisonment <br> 18 U.S.C. 3583(h) | 1-3 years <br> U.S.S.G. § 5D1.2(a)(2) | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3583(g)(1) allows for mandatory revocation for possession of a controlled substance in violation of the condition set forth in subsection (d). The Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon the finding of a Grade A or B violation, the court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer