PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

### Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 98]

Name of Offender: David Lamont Marsh        Case Number: 3:09-00160

Name of Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: November 18, 2010

Original Offense: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

Original Sentence: 46 months' custody followed by two years' supervised release

Type of Supervision: Supervised release      Date Supervision Commenced: December 21, 2012

Assistant U.S. Attorney: Braden H. Boucek      Defense Attorney: Ronald Small

## PETITIONING THE COURT

  X        To Consider Additional Violation/Information.

            To issue a Summons.

            To issue a Warrant.

**THE COURT ORDERS:**

☐ No Action

☐ The Issuance of a Warrant:

       ☐ Sealed Pending Warrant Execution

       (cc: U.S. Probation and U.S. Marshal only)

☐ The Issuance of a Summons.

☒ Consideration of Additional Violation/Information

☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this 18 day of Dec , 2014, and made a part of the records in the above case.

_____
Kimberly Haney
U.S. Probation Officer

_____
Todd J. Campbell
U. S. District Judge

Place      Nashville, TN

Date      December 17, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 98, has been amended as follows:

> Violation No. 1 - has been amended to include the adjudication information regarding the misdemeanor offense.

> Violation No. 2 - has been amended to include a change in the county of the new criminal conduct and court date, and the adjudication information.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.  Nature of Noncompliance

1.  **The defendant shall not commit another federal, state, or local crime.**

On September 19, 2014, Mr. Marsh received a citation for Passing Worthless Checks, a Class A misdemeanor, in Gallatin, Sumner County, Tennessee. He was booked on September 30, 2014, and he was scheduled to appear in court on December 19, 2014. **On December 5, 2014, the check was paid and the case was retired.**

According to the affidavit, Mr. Marsh passed a worthless check to the Cash Saver on August 10, 2014, in the amount of $447.15. The check was written on a closed account.

On September 30, 2014, the probation officer received a call from the Sumner County Police Department regarding Mr. Marsh's arrest on a citation for writing a check on a closed account. The sheriff's deputy indicated Mr. Marsh was being booked. Mr. Marsh was released after he was booked. The sheriff's deputy related Mr. Marsh's alleged signature on the check was different than the signature on the citation.

2.  **The defendant shall not commit another federal, state, or local crime.**

On October 10, 2014, Mr. Marsh received a citation for Simple Possession, a Class A misdemeanor, in **Nashville, Davidson County, Tennessee.** He was booked on September 30, 2014, and he was scheduled to appear in court on December 15, 2014. **Mr. Marsh appeared in court on December 15, 2014, and he pled guilty to Simple Possession. He was sentenced to six months' custody, suspended, and he was ordered to pay court costs and fines.**

According to the misdemeanor citation, a police officer with Metropolitan Nashville Police Department was walking in the area near 2481 26th Avenue North, when he observed Mr. Marsh and several other individuals began to run from the area on foot. The officer followed Mr. Marsh and the other individuals, and he observed Mr. Marsh drop an object in a trash can. The officer stopped Mr. Marsh and spoke with him. According to the police officer, Mr. Marsh smelled of "weed," and his eyes were red. The object in the trash can was later identified as 4.5 grams of marijuana.

On October 14, 2014, Mr. Marsh reported to the probation office as instructed and provided a copy of the citation. The probation officer inquired about Mr. Marsh's citation for Simple Possession. He advised he was with some friends, and when the police officer arrived on the scene, the other individuals ran, but he did not run away.

Mr. Marsh stated he knows who threw the marijuana in the trash and that person has agreed to "take the charge" when they appear in court. Furthermore, Mr. Marsh related he had not used any illegal drugs. A drug test was administered, and the results were negative for any illegal drugs.

## Compliance with Supervision Conditions and Prior Interventions:

David Lamont Marsh began his term of supervised release on December 21, 2012. His term of supervision is scheduled to expire on December 20, 2014. Mr. Marsh is unemployed, and he receives disability benefits. He has been diagnosed as mildly mentally retarded. Mr. Marsh was seen for a substance abuse assessment on February 21, 2013, at Centerstone drug treatment facility, and no treatment was recommended.

This officer submitted a petition to Your Honor on May 1, 2013, regarding Mr. Marsh's arrest for Possession or Casual Exchange of a Controlled Substance - Prior Conviction, Possession of a Gambling Device or Record, and Criminal Trespass. On October 28, 2103, the Criminal Trespass charge was dismissed. On July 24, 2014, Mr. Marsh pled guilty to a lesser charge of Possession of Marijuana, and he was sentenced to 11 months, 29 days' probation and ordered to pay a $250 fine. However, the probation sentence may be unsupervised upon payment of the fine. According to Davidson County Criminal Court, Mr. Marsh has not paid the fine.

On August 6, 2014, Mr. Marsh appeared before Your Honor and conceded to the alleged violations. Your Honor ordered Mr. Marsh to remain on his current conditions of supervision until his supervised release expires.

On October 7, 2014, the probation officer contacted the offender regarding the arrest in Sumner County for writing a check on a closed account. Mr. Marsh stated his wife used the wrong checkbook when she wrote the check, and she will pay the amount of the check before his court date on December 19, 2014.

**Update of Offender Characteristics:**  There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

**It is respectfully recommended that a this additionalinformation be considered when Mr. Marsh appears before the Court at a revocation hearing.**

**This matter has been reported to the Assistant U. S. Attorney Braden Boucek, who concurs with the recommendation.**

Approved: _____

Vidette Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DAVID LAMONT MARSH, CASE NO. 3:09-00160

**GRADE OF VIOLATION:**     C
**CRIMINAL HISTORY:**     V

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 7-13 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3583(g)(1) If the defendant possess a controlled substance in violation of the condition set forth in subsection (d); the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon the finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: _____ for
Vidette Putman
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** David Lamont Marsh

2. **Docket Number** *(Year-Sequence-Defendant No.)*   0650 3:09CR00160 - 1

3. **District/Office** Middle District of Tennessee at Nashville

4. **Original Sentence Date**   <u>11</u> / <u>18</u> / <u>2010</u>
                                 *month   day   year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Passing Worthless Checks - Violation of State Law | C |
| Simple Possession of a Controlled Substance | C |
| | |
| | |
| | |
| | |
| | |
| | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — C

9. **Criminal History Category** *(see §7B1.4(a))* — V

10. **Range of Imprisonment** *(see §7B1.4(a))* — 7-13 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant**  David Lamont Marsh

12.  **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____          Community Confinement _____

Fine($)        _____          Home Detention        _____

Other          _____          Intermittent Confinement _____

13.  **Supervised Release**
If  probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____ imprisonment:

14.  **Departure**
List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15.  **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002